```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
HAROLD SCOTT,

                Plaintiff,
                                           02 Civ. 8963 (RWS)
     - against -
                                           O P I N I O N

LT. G. GARDNER, et al.,

                Defendants.
------------------------------------X
```

A P P E A R A N C E S :

   HAROLD J. SCOTT
   # 84-A-4541
   Plaintiff Pro Se
   Great Meadow Correctional Facility
   P. O. Box 51
   Comstock, NY 12821-0051

   HONORABLE ELIOT SPITZER
   Attorney General of New York State
   Attorneys for Defendants
   120 Broadway, 24th Floor
   New York, NY 10271
   By:  STEVEN N. SCHULMAN, ESQ.
        Assistant Attorney General
        Of Counsel

**Sweet, D.J.,**

Plaintiff Harold Scott, pro se, ("Scott" or the "Plaintiff") has moved for reconsideration of this Court's opinion entered October 31, 2003 dismissing certain of his claims on the basis of his failure to exhaust administrative remedies. See Scott v. Gardner, 287 F. Supp. 2d 477 (S.D.N.Y. 2003)(the "October Opinion"). Reconsideration was granted in part under Rule 60(b), Fed. R. Civ. P., by this Court's opinion entered November 9, 2004. See Scott v. Gardner, 287 F. Supp. 2d 477 (S.D.N.Y. 2003) (the "November Opinion").

Upon reconsideration, the claims dismissed in the October Opinion remain subject to the defense of failure of exhaustion for the reasons set forth below.

**Prior Proceedings**

According to Scott's complaint filed in the Pro Se Office on March 11, 2002, he was subjected to several urine tests while in state custody in retaliation for pursuing a legal action. These tests are alleged to have occurred at Sullivan Correctional Facility on September 11, 1998 (see Compl. ¶ 14)[1], September 19, 1998 (see Compl. ¶ 15), January 18, 1999 (see Compl. ¶ 28), February 20, 1999, by defendant

---

[1] This opinion refers to the following documents already in the record: the complaint ("Compl."); the April 3, 2003 affidavit of Thomas G. Eagen ("Eagen Aff.") and Scott's affidavit in opposition to defendants' motion to dismiss ("Scott Aff.").

2

Lieutenant Longobardo ("Longobardo")(see Compl. ¶ 29), March 9, 1999, by defendant Lieutenant Gardner ("Gardner")(see Compl. ¶ 32), March 13, 1999, by defendant Correctional Officer Young ("Young")(see Compl. ¶ 33) and March 26, 1999 by Young. (See Compl. ¶¶ 73-75).

The March 13, 1999 test was positive and resulted in a misbehavior report. (See Compl. ¶¶ 34-39.) A disciplinary hearing resulted in a finding of guilt and the imposition of a keeplock sanction. The sanction was reversed on administrative appeal, but not before Plaintiff served 90 days of disciplinary segregation, including a transfer to Fishkill Correctional Facility where he was placed in the Special Housing Unit ("SHU"). (See Compl. ¶¶ 41, 66, 82, 89, 100.)

In response to the motion of the defendants Gardner, Longobardo, Sergeant James Dunn ("Dunn"), Young, Robert H. Kuhlman ("Kuhlman"), Dr. Lee ("Lee"), and Director Donald Selsky ("Selsky") to dismiss the complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P., the October Opinion was entered dismissing the retaliation claim relating to the urine testing.

Scott sought reconsideration after the August 28, 2004 determinations of the Court of Appeals relating to exhaustion, and that reconsideration was granted in the November Opinion, which stated as follows:

> First, in Ortiz v. McBride, 380 F.3d 649, 663 (2d Cir. 2004), the Circuit Court held that the presence of unexhausted claims in an inmate's § 1983 complaint does not compel dismissal of the action in its entirety. Second, in Giano v. Goord, 380 F.3d 670 (2d Cir. 2004), the Circuit Court held that "there are certain 'special circumstances' in which, though administrative remedies may have been available and though the government may not have been estopped from asserting the affirmative defense of non-exhaustion, the prisoner's failure to comply with administrative procedural requirements may nevertheless be justified." Id. at 676. Specifically, the Giano Court held the failure to exhaust administrative remedies is justified where the inmate reasonably believed that "DOCS regulations foreclosed such recourse." Id. at 678. Third, in Johnson v. Testman, 380 F.3d 691, 697 (2d Cir. 2004), the Circuit Court held that whether an inmate's appeal of a disciplinary conviction sufficed to exhaust administrative remedies hinged on whether the appeal provided "enough information about the conduct of which [the inmate] complain[s] to prison officials to take appropriate responsive measures." Fourth, in Abney v. McGinnis, 380 F.3d [663], 660 (2d Cir. 2004), the Circuit Court held that "[a] prisoner who has not received promised relief is not required to file a new grievance where doing so may result in a never-ending cycle of exhaustion." Fifth, in Hemphill v. New York, 380 F.3d 680 (2d Cir. 2004), the Circuit Court held: (1) that the standard for assessing the availability of a grievance procedure ... is whether "'a similarly situated individual of ordinary firmness'" would have deemed the procedure available, id. at 688 (quoting Davis v. Goord, 320 F.3d 346, 353 (2d Cir. 2003)); (2) that a defendant's actions inhibiting an inmate's exhaustion of remedies may estop assertion of failure to exhaust as an affirmative defense, id. at 686; and (3) that reasonable fear of retaliation is a 'special circumstance' that justifies failure to exhaust available administrative remedies. Id. at 690.

Scott, 344 F. Supp. at 425.

In accordance with the direction of the November Opinion, additional authorities were submitted and Scott's motion for reconsideration was marked fully submitted on December 16, 2004.

**Scott Is Not Excused From The Exhaustion Requirement**

As amended by the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." The PLRA's exhaustion requirement applies to all inmate suits about prison life. See Porter v. Nussle, 534 U.S. 516, 532 (2002).

Scott has contended that he could not file grievances pertaining to his claim of repeated retaliatory urine tests because the number of urine tests he received did not exceed the number of urine tests that he could receive randomly under former 7 N.Y.C.R.R. § 1020.4(a)(3)(ii). (See Scott Aff., Ex. 39.)[2] The regulation is a

---

[2] In pertinent part, 7 N.Y.C.R.R. § 1020.4(a) as written in 1999 permitted urinalysis drug testing:
>      (3) As part of random urinalysis testing conducted on
>      the entire population of the facility, or in any
>      identifiable program area, or on any identifiable group
>      of inmates.
>    Inmates ordered to submit a urine specimen on a random basis shall
>    be selected by the watch commander or higher authority; no inmate
>    shall be ordered to submit a urine specimen on a random basis more
>    than five times at any one facility in any 12-month period.
>    Random urinalysis shall not be used for the purpose of harassing
>    or intimidating any inmate.
7 N.Y.C.R.R. § 1020.4(a).
The regulation was rewritten effective September 13, 2000, after the tests at issue here.

substantive regulation which forbids harassment by staff in taking random urine tests.

In Giano, the inmate plaintiff alleged that his disciplinary conviction was tainted by evidence supplied by corrections officers with a retaliatory motive and also alleged that the hearing officer was biased. Giano, 380 F.3d at 673-74. The Second Circuit concluded that "special circumstances" existed to excuse the inmate's failure to file a grievance because he could have reasonably believed that the issue could only be raised in an appeal of his disciplinary sanctions. Id. at 678. Because of ambiguities in the grievance regulations, the Second Circuit held that it was reasonable for Giano to believe that he could not file a grievance after having raised the issue in his disciplinary proceedings. Id.

The grievance process is available to give inmates an avenue to clarify ambiguities in, or to challenge the application of, substantive policies. The grievance regulations define a "grievance" as:

> A complaint about the substance or application of any written or unwritten policy, regulation, procedure or rule of the Department of Correctional Services or any of its program units, or the lack of a policy, regulation, procedure or rule.

7 N.Y.C.R.R. § 701.2(a). As explained by this Court, "New York inmates can file internal grievances with the inmate grievance committee on

6

practically any issue affecting their confinement." See Sulton v. Greiner, No. 00 Civ. 0727 (RWS), 2000 WL 1809284, at *2 (S.D.N.Y. Dec. 11, 2000). Nothing in Giano can be construed as excusing the failure to file grievances questioning the application of substantive regulations that do not govern any form of the administrative factfinding process.

Scott also contends that he should be excused for failing to file grievances because he challenged the urine tests during the disciplinary proceedings arising from the positive test of March 13, 2004. The Giano Court held that, in the particular circumstances of that case, it was reasonable for plaintiff to have believed raising misconduct issues in a disciplinary proceeding could excuse the filing of a grievance. Giano, 380 F.3d at 678. The Second Circuit has stated that in order to determine whether an inmate's appeal of a disciplinary conviction was sufficient to exhaust available administrative remedies, the Court must consider: (1) whether the inmate justified in raising his complaint about an officer's misconduct in disciplinary proceedings rather than separately grieving the conduct, and (2) whether the content of the submissions in the disciplinary appeal process were sufficient to place prison officials on notice of plaintiff's concerns. See Johnson, 380 F.3d at 698.

In this case, Scott's disciplinary appeal papers alleged that Young, in taking the tests, and Gardner and Longobardo, in ordering the tests, did not adhere to proper procedures, but nothing was alleged to

suggest a retaliatory motive. (See Scott Aff. Exs. 42, 43.) Rather, Scott's disciplinary appeal alleged: (1) that he was not served with copies of the proper forms, (2) the hearing officer improperly relied on hearsay, (3) that Young failed to ask Scott if he had taken any medication in the past month, (4) that Young failed, and admitted to failing, to put his name on the specimen bottle, (5) that Longobardo, as hearing officer, could not rely on his own impression that Gardner had the authority to authorize the tests, (6) that the hearing officer refused to produce the specimen bottle, (7) that Scott was compelled to waive his privacy rights (mistakenly characterized as Fifth Amendment rights) to defend himself by revealing the medications he was taking, (8) that the hearing officer received evidence without proper foundation, (9) that Scott was sent to SHU to serve his keeplock sanction, (10) that Longobardo was biased in conducting the hearing, and (11) that Longobardo improperly characterized a prior disciplinary sanction for drug possession as one for drug use. Id. None of these allegations suggests a retaliatory motive in the taking of the urine tests.

In the last paragraph of a supplemental letter dated April 25, 1999, Scott for the first time alleged that his transfer was retaliatory. (See Scott Aff. Ex. 42.) He did not allege the basis for the retaliation, but in any event, the retaliatory transfer claim is the one that the Court has already permitted to go forward. See Scott, 287 F.3d at 497.

The Second Circuit has observed that the exhaustion requirement:

> is not dissimilar to the rules of notice pleading, which prescribe that a complaint "must contain allegations sufficient to alert the defendants to the nature of the claim and to allow them to defend against it." <u>Freedom Holdings, Inc. v. Spitzer</u>, 357 F.3d 205, 234 (2d Cir. 2004.

<u>Johnson</u>, 380 F.3d at 697. To allege a retaliation claim, an inmate plaintiff must allege: (1) participation in a protected activity, (2) adverse action on the part of the defendants and, (3) a causal connection between the protected activity and the adverse action. <u>See Gill v. Pidlypchak</u>, 389 F.3d 379, 384 (2d Cir. 2004). Scott's disciplinary appeal failed to allege the third element of a retaliation claim -- <u>i.e.</u>, the nexus between his conduct and that of the defendants.

Moreover, by his conduct at the disciplinary hearing, Scott waived whatever right he may have had to make a record of the retaliation issue. In his opposition to Defendants' motion to dismiss, Scott submitted the transcript of his disciplinary hearing. (<u>See</u> Scott Aff. Ex. 43.) During the hearing, hearing officer Longobardo (a former defendant in this action), read aloud the misbehavior report, which identified three pertinent defendants: Gardner (who had ordered the test) Young (who obtained the sample), and Dunn (who tested the sample and signed the misbehavior report). (<u>See</u> Scott Aff. Ex. 43 at 3.) Scott requested the presence of Dunn and Young, and he submitted

### Any Retaliatory Urine Tests Taken Before March 4, 1999, Are Barred By The Statute of Limitations

As the October Opinion held in dismissing Scott's claim against the Office of Mental Health defendants, "[b]ecause the complaint was dated by plaintiff March 4, 2002, any claim resting on incidents occurring before March 4, 1999, must be dismissed." Scott, 287 F. Supp. 2d at 492 (applying Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997) (3 year statute of limitations for claims under 42 U.S.C. § 1983), and Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (clock stops running where pro se prisoner delivers complaint to prison authorities for mailing), mod. on other grounds, 25 F.3d 81 (2d Cir. 1994). Thus, Scott's claims pertaining to the urine tests taken prior to March 4, 1999, are barred by the statute of limitations regardless of whether Scott is excused from the exhaustion requirement.

### Conclusion

For the reasons set forth above, the motion to reconsider is granted, and upon reconsideration, the claims relating to the urine tests are dismissed.

It is so ordered.

New York, NY
April 28, 2005

ROBERT W. SWEET
U.S.D.J.